UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MCCOMB CHILDREN'S CLINIC, LTD.**                                **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 5:24-CV-48-LG-ASH**

**XAVIER BECERRA, ET AL.**                                  **DEFENDANTS**

**SCHEDULING ORDER**

On June 3, 2024, Plaintiff McComb Children's Clinic, Ltd. ("MCC") filed its Motion for a Delay of Effective Date and Preliminary Injunction [6]. MCC asks the Court to delay the effective date and to enjoin Defendants from enforcing a new rule from the Department of Health and Human Services. *See* Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37522 (May 6, 2024). MCC claims it will be irreparably injured by the new rule, which takes effect on July 5, 2024. It seeks relief under 5 U.S.C. § 705 and Federal Rule of Civil Procedure 65.

At the time MCC filed its motion, counsel for Defendants had not yet appeared.[1] MCC, however, certified in its motion that it served a copy on Defendants. Further, during a June 7, 2024, status conference with the Magistrate Judge, counsel for Defendants informed the Court they had been served with a copy of the complaint and a copy of the motion.

To ensure the timely, efficient, and orderly resolution of MCC's motion, the Court sets the following deadlines. Defendants shall file their response to the motion and supporting memorandum brief by **June 19, 2024**. To the extent MCC

---

[1] Counsel for Defendants has since entered an appearance [11].

elects to reply, it shall do so by **June 26, 2024**. Any party seeking relief from these deadlines must file a motion with the Court at least one business day prior to the deadline and demonstrate good cause for an extension. Any party seeking an extension must also advise the Court whether the request is opposed. L.U. Civ. R. 7(b)(10). Given the approaching July 5, 2024, effective date for the new rule, the parties should not assume the Court will grant requests for extensions absent a clear demonstration of good cause.

In their briefing, the parties are encouraged to address what effect, if any, the district court decision in *Neese v. Becerra*, 640 F. Supp. 3d 668 (N.D. Tex. 2022), and the appeal of that decision pending before the Fifth Circuit, No. 23-10078 (5th Cir.), have on the relief requested by MCC in the pending motion.

The parties are reminded that under the Local Rules the movant's original and rebuttal memorandum briefs together may not exceed thirty-five pages, and the respondent's memorandum brief may not exceed thirty-five pages. L.U. Civ. R. 7(b)(5). If a party requires more pages to fully respond, it must seek leave of Court at least one business day prior to the party's filing deadline. Only reasonable requests will be granted.

**SO ORDERED AND ADJUDGED** this the 10th day of June, 2024.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE