IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| McCOMB CHILDREN'S CLINIC, LTD. | **PLAINTIFF** |
| v. | CAUSE NO. 5:24CV48-LG-ASH |
| XAVIER BECERRA, in his official capacity as Secretary of the United States Department of Health and Human Services, et al. | **DEFENDANTS** |

### ORDER DENYING MOTION TO STAY PROCEEDINGS AND SETTING BRIEFING SCHEDULE AS TO PLAINTIFF'S <u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

**BEFORE THE COURT** is the [29] Motion to Stay Proceedings or, in the Alternative, to Enter a Briefing Schedule for Dispositive Motions by Xavier Becerra, Office for Civil Rights of the United States Department of Health and Human Services, Melanie Fontes Rainer, United States Department of Health and Human Services.  Plaintiff McComb Children's Clinic has filed a response in opposition to the Motion, and Defendants have replied.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for a Stay should be denied.  The Court will enter a briefing schedule for Plaintiff's [27] Motion for Partial Summary Judgment.

### DISCUSSION

In this lawsuit, Plaintiff challenges a final rule issued by the United States Department of Health and Human Services ("HHS") on May 6, 2024.  *See* Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37,522 (May 6,

2024) (45 C.F.R. pt. 92).  In a separate case, this Court issued a Preliminary Injunction staying the effective date of the Rule nationwide in so far as it is "intended to extend discrimination on the basis of sex to include discrimination on the basis of gender identity in the following regulations: 42 C.F.R. §§ 438.3, 438.206, 440.262, 460.98, 460.112; 45 C.F.R. §§ 92.5, 92.6, 92.7, 92.8, 92.9, 92.10, 92.101, 92.206-211, 92.301, 92.303, 92.304." *Tennessee v. Becerra*, No. 1:24CV161-LG-BWR, 2024 WL 3283887, at *14 (S.D. Miss. July 3, 2024).  The Court further enjoined Defendants nationwide "from enforcing, relying on, implementing, or otherwise acting pursuant to the final rule . . . to the extent that [it] provides that "sex" discrimination encompasses gender identity." *Id.*  Defendants appealed this Court's entry of the Preliminary Injunction in the *Tennessee* case on August 30, 2024.

In the present Motion, Defendants ask the Court to stay proceedings in this case pending the resolution of the appeal in the *Tennessee* case because Plaintiff is protected by the nationwide injunction.  Defendants also claim that Plaintiff has already obtained relief because it is a class member in *Neese v. Becerra*, a case in which the court held that HHS's Notification of Interpretation and Enforcement of Section 1557 of the Affordable Care Act and Title IX of the Education Amendments of 1972, 86 Fed. Reg. 27,984 (May 25, 2021), was unlawful and unenforceable. *Neese v. Becerra*, 640 F. Supp. 3d 668, 685–87 (N.D. Tex. 2022).

"[A] district court has a 'discretionary power to stay proceedings before it in the control of its docket and in the interests of justice,' but this control is not 'unbounded.'"  *In re Beebe*, 56 F.3d 1384, *2 (5th Cir. May 15, 1995) (quoting

*McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983)).  "Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Wedgeworth*, 706 F.2d at 545 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)).  The party seeking a stay bears the burden of proving "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.  "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*

While Defendants concede that Plaintiff is *currently* protected by this Court's Preliminary Injunction imposed in the *Tennessee* case and the declaratory judgment imposed by the court in *Neese*, Defendants are currently seeking to overturn those decisions on appeal.  If Defendants are successful, Plaintiff will no longer be protected from Defendants' enforcement of the 2021 Notification and the 2024 Final Rule.  As a result, the Court finds that a stay is unwarranted in the present case, and the following deadlines should be imposed:

<u>September 30, 2024:</u>   Defendants' deadline to file answer or other responsive pleading

<u>October 15, 2024:</u>   Defendants' deadline for responding to Plaintiff's [27] Motion for Partial Summary Judgment

<u>October 22, 2024:</u>   Plaintiff's deadline for filing a reply in support of its [27] Motion for Partial Summary Judgment

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [29] Motion to Stay Proceedings filed by Xavier Becerra, Office for Civil Rights of the United States Department of Health and Human Services, Melanie Fontes Rainer, United States Department of Health and Human Services is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the following deadlines are imposed:

| | |
|---|---|
| September 30, 2024: | Defendants' deadline to file answer or other responsive pleading |
| October 15, 2024: | Defendants' deadline for responding to Plaintiff's [27] Motion for Partial Summary Judgment |
| October 22, 2024: | Plaintiff's deadline for filing a reply in support of its [27] Motion for Partial Summary Judgment |

**IT IS FURTHER ORDERED AND ADJUDGED** that the parties are instructed to consult with the Magistrate Judge assigned to this case concerning any other deadlines that need to be imposed.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE