# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## WESTERN DIVISION

| | |
|---|---|
| MCCOMB CHILDREN'S CLINIC, LTD., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 5:24-cv-00048-LG-ASH |
| DOROTHY FINK, in her official Capacity as Acting Secretary of the United States Department of Health and Human Services, *et al*. | )<br>)<br>)<br>)<br>) |
| Defendants, | )<br>)<br>)<br>) |

## MOTION TO VACATE MOTION HEARING AND STATUS CONFERENCE

Defendants Dorothy Fink, in her official capacity as Acting Secretary of the United States Department of Health and Human Services ("HHS"); HHS; Anthony Archeval, in his official capacity as Acting Director of the Office for Civil Rights of HHS ("OCR");[1] and OCR; hereby request that the Court issue an order vacating the motion hearing currently scheduled for February 25, 2025, and vacating the status conference currently scheduled for February 12, 2025.

On January 20, 2025, after the Court scheduled the motion hearing and the status conference, Donald J. Trump was inaugurated as the forty-seventh president of the United States. On the same day, the President issued an Executive Order titled "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." Exec. Order No. 14,168, 90 Fed. Reg. 8615 (Jan. 30, 2025). On January 28, 2025, the President issued an Executive Order titled "Protecting Children From Chemical and Surgical Mutilation." Exec. Order

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the official capacity Defendants who no longer hold office have been automatically substituted by their successors.

No. 14,187, 90 Fed. Reg. 8771 (Feb. 3, 2025).  Moreover, since the change in presidential administrations, new leadership has been arriving at HHS and the U.S. Department of Justice.

That new leadership will need additional time to review the challenged rule and the legal issues that are involved in this case; consult with all interested federal agencies and offices; and determine the appropriate course going forward, especially in light of Executive Order No. 14,168 and Executive Order No. 14,187.  Accordingly, Defendants respectfully request that the Court vacate the motion hearing currently scheduled for February 25, 2025, as well as the status conference currently scheduled for February 12, 2025.  Defendants propose that the parties file a joint status report with the Court within 90 days of the Court's ruling on this motion, apprising the Court on the status of this matter.

Granting this motion would not prejudice Plaintiff or cause Plaintiff any hardship.  The provisions of the challenged rule that form the heart of Plaintiff's claims are enjoined nationwide. *See Tennessee v. Becerra*, 739 F. Supp. 3d 467, 486 (S.D. Miss. 2024); *see also Texas v. Becerra*, No. 6:24-cv-211-JDK, 2024 WL 4490621, at *2 (E.D. Tex. Aug. 30, 2024) (staying nationwide several provisions including one providing that discrimination on the basis of sex includes discrimination on the basis of gender identity).  Thus, decisions by this Court and the *Texas* court have already provided Plaintiff with preliminary and continuing relief.

On the other hand, granting this motion is essential to permit new leadership a sufficient opportunity to determine the appropriate course going forward.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (recognizing that litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government"); *Chinatown Serv. Ctr. v. HHS*, Civ. A. No. 21-331 (JEB), 2021 WL 8316490, at *2 (D.D.C. Oct. 13, 2021) (authorizing relief that would "free[ the Government] from litigation burdens" so it may focus on reassessment of challenged policy); *see also Occidental Chemical Corp. v. FERC*, 869 F.2d 127, 129 (2d Cir. 1989) (recognizing that "a judicial decision" issued during agency reassessment could "impede the agency's efforts").

Defendants have conferred with counsel for Plaintiff, who represents that Plaintiff opposes this motion.

## CONCLUSION

For the foregoing reasons, the Court should vacate the motion hearing currently scheduled for February 25, 2025, and vacate the status conference currently scheduled for February 12, 2025. Defendants propose that the parties file a joint status report within 90 days of the Court's ruling on this motion.

Dated: February 6, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

*/s/ Liam C. Holland*
LIAM C. HOLLAND
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel.: (202) 514-4964
Fax: (202) 616-8470
Email: Liam.C.Holland@usdoj.gov

*Counsel for Defendants*