IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| **McComb Children's Clinic, LTD.**, | ) |
| *Plaintiff,* | ) |
| v. | ) Case No. 5:24-cv-00048-LG-ASH |
| **Robert F. Kennedy, Jr.**, et al., | ) |
| *Defendants.* | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF MCCOMB CHILDREN'S CLINIC'S MOTION TO LIFT STAY**

Plaintiff McComb Children's Clinic (MCC) respectfully submits this memorandum in support of its motion asking the Court to lift the stay in this case and reset the oral argument date on MCC's motion for summary judgment [27]. The basis for MCC's motion is that the Court specified its stay was pending the resolution of related Fifth Circuit appeals. The Fifth Circuit has now dismissed those appeals, and no appellate guidance is forthcoming concerning questions raised in MCC's summary judgment motion. Nor is there any other reason to maintain the stay.

On February 19, 2025, this Court issued an order staying this case and cancelling the status conference set for March 14, 2025, [54], "pending the resolution of or additional guidance from the appeal of the [30] Preliminary Injunction and related [29] Memorandum Opinion and Order entered by this Court in *State of Tennessee v. Kennedy*, Cause No. 1:24cv161-LG-BWR, or upon further order of the Court." On March 12, 2025, the parties to that appeal filed a joint stipulation of dismissal under Fed. R. App. P. 42(b)(1) and 5th Cir. R. 42.1. *State of Tennessee v. Kennedy*, No. 24-60462, ECF No. 126 (5th Cir. Mar. 12, 2025). The next day, the court dismissed the appeal. *Id.* ECF No. 127. The parties and the court followed a similar

1

procedure in *State of Texas v. Kennedy*, No. 24-40568, ECF Nos. 93 & 94 (5th Cir. Mar 13 & 17, 2025).

As a result of those dismissals, both appeals have reached their resolution. That resolution is the reason this Court cited as the basis for staying this case. Likewise, the Fifth Circuit no longer has an opportunity to offer additional guidance on the questions raised in MCC's motion for summary judgment. The possibility of appellate guidance from those cases is the alternate reason this Court issued for staying this case. And there is no other reason to stay the case, as discussed in MCC's previous memorandum [49] opposing the government's request to vacate deadlines [48], and at the status conference discussing that motion.

The reasons to lift the stay and move forward now apply with even more force than they did when the government moved to vacate the Court's deadlines on February 6, 2025. Then, the appeals were still pending and there was no Secretary of HHS. Soon after, the Senate confirmed Secretary Kennedy on February 13, 2025. (Attorney General Bondi was confirmed on February 4.) And, although the government stated in early February that it needed time to resolve its position on the questions raised in this case (despite the President's executive orders speaking so clearly that they form an additional reason to grant MCC's motion for summary judgment), the government has since been given more than a month to make that decision, and it has taken action: HHS stipulated to dismissal of the above appeals.

The next step in this case is to proceed to final judgment. MCC anticipates that HHS may renew its suggestion of delay by advocating that the Court should maintain the stay until HHS formally decides what to do with the Section 1557 rule, and then to maintain the stay until a new rulemaking process is complete. But as MCC previously noted, that would mean staying this case for an indefinite number of years while HHS tries to replace the rule. Every previous Section 1557 rule took so many years to finalize that it was not published until the final months of a presidential

administration (2016, 2020, and 2024). And final rules did not resolve the disputes, because each one was preliminarily enjoined before they went into effect. This left regulated entities in limbo, and litigants whose cases had already been stayed for years had no path towards a resolution of their claims.

Maintaining the stay of this case will also congest the Court's docket for years to come. The Court has before it a fully-briefed motion for summary judgment. MCC respectfully requests that the Court lift the stay and grant MCC its day in court. MCC also asks that the Court reschedule oral argument on that motion or, in the alternative, reset the status conference this Court had previously scheduled for March 14, 2025.

Respectfully submitted this 17th day of March, 2025.

**Matthew S. Bowman, PHV 60348**
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org

**Julie Marie Blake, PHV 60378**
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jblake@ADFlegal.org

*/s/ D. Michael Hurst, Jr.*
**D. Michael Hurst, Jr., MB 99990**
**Nash E. Gilmore, MB 105554**
**Phelps Dunbar LLP**
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
mike.hurst@phelps.com
nash.gilmore@phelps.com

*Counsel for Plaintiff McComb Children's Clinic, LTD.*