IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | | |
|---|---|---|
| **McComb Children's Clinic, LTD.**, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No.** 5:24-cv-00048-LG-ASH |
| | ) | |
| **Robert F. Kennedy, Jr.**, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF MCCOMB CHILDREN'S CLINIC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff McComb Children's Clinic, LTD., ("MCC") respectfully submits this notice of supplemental authority in support of its motion [27] for partial summary judgment. MCC's claim against the Section 1557 rule requests relief against the gender identity mandates in the rule including to the extent HHS imposed it through either "gender identity" language *or* "sex stereotypes" language. See Complaint [1] at ¶¶ 73–78 (explaining it seeks relief against the mandate to the extent contained in gender identity or sex stereotypes provisions in the rule).

On October 22, 2025, Your Honor issued a summary judgment order that includes a universal vacatur of specific parts of the Section 1557 rule, namely:

> to the extent that they expand Title IX's definition of sex discrimination to include gender-identity discrimination: 42 C.F.R. § 438.3(d)(4), 42 C.F.R. § 438.206(c)(2), 42 C.F.R. § 440.262, 42 C.F.R. § 460.98(b)(3), 42 C.F.R. § 460.112(a), 45 C.F.R. § 92.101(a)(2)(iv), 45 C.F.R. § 92.206(b)(1)–(4), 45 C.F.R. § 92.207(b)(3)–(5), 45 C.F.R. § 92.8(b)(1), 45 C.F.R. § 92.10(a)(1)(i), and 45 C.F.R. § 92.208.

*Tennessee v. Kennedy*, 2025 WL 2982069, at *11 (S.D. Miss. Oct. 22, 2025).

Notably for the purposes of MCC's motion, the order did not vacate 45 C.F.R. § 92.101(a)(2)(v), the definition banning discrimination on the basis of sex

stereotypes—not even "to the extent" it encompasses gender-identity discrimination. The vacatur of § 92.101 specifies only subparagraph (iv), which is the definitional language specifying only "gender identity" discrimination.

Consequently, even if the vacatur becomes final because either it is not appealed or it is upheld on appeal, it would only partially provide the relief MCC seeks here, because it did not include vacatur of and injunctive relief against the rule's sex stereotypes discrimination ban to the extent that it encompasses gender-identity discrimination. This is particularly relevant due to another court having held that the sex stereotypes discrimination ban in Section 1557's implementing rule encompasses gender identity discrimination in addition to the specific "gender identity" language in the definition. *See Walker v. Azar*, 480 F. Supp. 3d 417, 427 (E.D.N.Y. 2020); *Walker v. Kennedy*, 790 F. Supp. 3d 138, 141–42 (E.D.N.Y. 2025) (expressing willingness to consider summary judgment to permanently restore gender identity mandate through sex stereotypes language).

Respectfully submitted this 4th day of November, 2025.

*/s/ D. Michael Hurst, Jr.*

**Matthew S. Bowman, PHV 60348**
**Alliance Defending Freedom**
440 First Street NW, Suite 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 347-3622
mbowman@ADFlegal.org

**D. Michael Hurst, Jr., MB 99990**
**Nash E. Gilmore, MB 105554**
**Phelps Dunbar LLP**
1905 Community Bank Way, Suite 200
Flowood, Mississippi 39232
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
mike.hurst@phelps.com
nash.gilmore@phelps.com

**Julie Marie Blake, PHV 60378**
**Alliance Defending Freedom**
44180 Riverside Parkway
Lansdowne, Virginia 20176
Telephone: (571) 707-4655
Facsimile: (571) 707-4790
jblake@ADFlegal.org

*Counsel for Plaintiffs McComb Children's Clinic, LTD.*