IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

McCOMB CHILDREN'S
CLINIC, LTD., a Mississippi
Corporation                                                          PLAINTIFF

v.                                                    CAUSE NO. 5:24CV48-LG-ASH

ROBERT F. KENNEDY, JR.,
in his official capacity as
Secretary of the United States
Department of Health and Human
Services, et al.                                                   DEFENDANTS

## ORDER REQUIRING ALL PARTIES TO SHOW CAUSE WHY THIS LAWSUIT SHOULD NOT BE DISMISSED AS MOOT

In this lawsuit, Plaintiff McComb Children's Clinic ("MCC") challenges portions of the Department of Health and Human Services' May 6, 2024, Final Rule, which purportedly implemented regulations prohibiting healthcare discrimination under the Affordable Care Act. *See* Nondiscrimination in Health Programs and Activities, 89 Fed. Reg. 37522-01 (May 6, 2024); 42 U.S.C. § 18116. The Rule amended 42 C.F.R. parts 438, 440, 457, and 460 and 45 C.F.R. parts 80, 84, 92, 147, 155, and 156.

MCC asks the Court to "declare unlawful, set aside, and vacate the rule to the extent it prohibits discrimination on the basis of gender identity." Compl. [1] at 43. It also seeks a "preliminary and permanent injunction against Defendants implementing, enforcing, or applying a gender-identity nondiscrimination mandate under any aspect of the rule . . . ." *Id.* And it seeks preliminary and permanent

injunctions enjoining "Defendants from implementing, enforcing, or applying the rule, or Section 1557 of the ACA, in any aspect of a covered entity's expression . . . including but not limited to the requirement that MCC provide notices to its patients that it does not discriminate on the basis of gender identity or termination of pregnancy." *Id.* at 44.[1]

On October 22, 2025, the Court granted summary judgment in a similar case. *See Tennessee v. Kennedy*, No. 1:24cv161-LG-BWR, 2025 WL 2982069 (S.D. Miss. Oct. 22, 2025). The Court vacated the following regulations "to the extent that they expand Title IX's definition of sex discrimination to include gender-identity discrimination:"

> 42 C.F.R. § 438.3(d)(4), 42 C.F.R. § 438.206(c)(2), 42 C.F.R. § 440.262, 42 C.F.R. § 460.98(b)(3), 42 C.F.R. § 460.112(a), 45 C.F.R. § 92.101(a)(2)(iv), 45 C.F.R. § 92.206(b)(1)–(4), 45 C.F.R. § 92.207(b)(3)–(5), 45 C.F.R. § 92.8(b)(1), 45 C.F.R. § 92.10(a)(1)(i), and 45 C.F.R. § 92.208.

*Id.* at 13. The Court also entered the following declaratory judgment: "HHS exceeded its statutory authority when (1) it interpreted Title IX, as incorporated into Section 1557, to prohibit discrimination on the basis of gender identity, and (2) when it implemented Section 1557 regulations concerning gender identity and

---

[1] The Court has not found any provision in which the Final Rule requires a notice of nondiscrimination based on termination of pregnancy. *See, e.g.*, 45 C.F.R. § 92.10. Furthermore, "[t]he [R]ule . . . does not ban physicians and faith-based or other health care entities from refusing to participate in pregnancy termination procedures." 89 Fed. Reg. at 37527–28; *see also* 42 U.S.C. 18023(c)(2)(A) ("[n]othing in [the Affordable Care Act] shall be construed to have any effect on Federal laws regarding . . . willingness or refusal to provide abortion . . . .").

'gender affirming care.'" *Id.*  The deadline for filing an appeal in the *Tennessee* case has expired, and no party has filed a notice of appeal.

"A case might become moot if subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation modified).  A claim is moot if it becomes "impossible for the court to grant any effectual relief whatever to a prevailing party." *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992).

It is unclear what relief the Court would be able to grant Plaintiffs now that portions of the Rule that prohibited gender-identity discrimination have been vacated.  Particularly since the Court has also declared that HHS exceeded its statutory authority when (1) it interpreted Title IX, as incorporated into Section 1557, to prohibit discrimination on the basis of gender identity, and (2) when it implemented Section 1557 regulations concerning gender identity and "gender affirming care."  *See Tennessee*, 2025 WL 2982069, at *12.  As a result, all parties are required to file responses demonstrating why this lawsuit has not been rendered moot and/or identifying matters pending and in need of additional resolution.  The parties are cautioned that failure to respond to this Order may be construed as an admission that this lawsuit is moot.

**IT IS THEREFORE ORDERED AND ADJUDGED** that on or before **January 20, 2026**, the parties must file detailed responses and/or briefs

demonstrating why this lawsuit should not be dismissed as moot or identifying matters pending that need require resolution.

**SO ORDERED AND ADJUDGED** this the 23rd day of December, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE